UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CWABS, INC.,
ASSET-BACKED CERTIFICATES,
SERIES 2005-3, ITS SUCCESSORS
AND ASSIGNS,

      Plaintiff,

  v.

RICHARD HANS NORLAND AND ALL
OTHER OCCUPANTS,

      Defendants.

Case No. 6:12-cv-901-AA

ORDER OF REMAND

AIKEN, Chief Judge:

    After plaintiff filed a forcible detainer and entry suit in state court (seeking to evict defendant Norland from the subject property), Norland removed this action to federal court. Plaintiff now seeks remand of the action to state court pursuant to 28 U.S.C. § 1446. The motion is granted.

1   - ORDER OF REMAND

Norland removed this case grounds that he intends to assert violations of the Real Estate Settlement Procedures Act and his constitutional rights, questions arising under federal law. 28 U.S.C. § 1331. However, "a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Likewise, "raising a constitutional argument in defense of an action that is brought in state court does not open the federal forum." Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001) (citing Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). Thus, under the well-pleaded complaint rule, this court lacks subject matter jurisdiction over this action. Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) ("Generally the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal quotation marks and citation omitted).

Further, Norland cannot rely on diversity jurisdiction, as removal is not allowed in diversity cases "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). Norland is a citizen of Oregon and therefore may not remove this

action pursuant to diversity jurisdiction. Accordingly, this court lacks subject matter jurisdiction over this action.

## CONCLUSION

Plaintiff's Motion for Remand (doc. 4) is GRANTED, and this case is REMANDED to the Circuit Court for Lane County. Given plaintiff's pro se status, I decline to award attorney fees.

IT IS SO ORDERED.

Dated this 13 day of June, 2012.

_____
Ann Aiken
United States District Judge

3   - ORDER OF REMAND